The Chancellor.
I am clearly of opinion, that on the-testimony and the inspection and examination of the petitioner, a final order should not be made against the prayer of the petition. The only doubt 1 have been able to entertain is, whether an issue should not be awarded. But on consideration of the whole case, X am satisfied that a final order vacating the in *48 quisition should be made. I do not propose to go at large into an examination of the testimony, or into a statement of the reasons which have brought me to this conclusion. It is a subject on which the ordinary rules of reasoning furnish no certain guide, and in reference to which, deductions apparently the most correct, are not to be relied on.
Is the petitioner now capable of managing his own affairs 1 Looking at the testimony without reference to the finding of the inquisition, it is my decided opinion that he is so. What influence, then, should be allowed to the fact, that two years ago he was found to be incapable ? It is certainly entitled to some influence; but not on the ground, that though sane now he may again be, and perhaps is more likely to be afflicted in the same way. The court can act only in reference to his present state of mind ; the future is inscrutable to us- all.
The only influence it can properly exert on the mind of the court, is, in causing apprehension that all the evidences of his restored sanity, derived from all the sources to which we may address ourselves, may, from the insidiousness of a distemper of the mind, be fallacious. This apprehension should influence the court to proceed with caution, in vacating an inquisition. Yet there are frequent instances of restoration.
This brings us to the consideration, what degree of doubt the court should indulge, arising from the inquisition two years ago, against the idea of his present capability.
On one side it was contended, that the present question should be determined without reference to the finding of the inquisition two years ago; that not only the future, but the past should be shut out. If mind is what some suppose it to be, this may be correct; but it is not consistent with my ideas of it, and of the laws that govern it.
On the other side it was contended, that the inquisition should not be vacated^ unless the court be satisfied beyond all doubt, of a permanent restoration of sanity. This may do when we come to be so we^ acquainted with the nature of mind, as to be able to say of the 'mind of a sane individual, that he will, beyond all doubt, alwhys remain sane.
I suppose it to be an approach to the true rule for the present action of the court, to say, that if, taking the finding of the *49 inquisition as a part of the evidence to be considered, the court is satisfied of present capacity, the relief sought by the petition should be granted.
Looking at the whole case, the nature of the incapacity that once existed, or was supposed to exist, as described by the witnesses, the symptoms of which, as they say, were trading and driving about; and considering that for the last eight months, at least, the petitioner has had the management and control of his farming and other business, and that his own immediate family, whose interests are more at stake than those of any other person, are satisfied of his capacity to manage his affairs; and considering further, that if disease in this form should again be laid on him, the guardianship of this court could again be extended over him and his property, I am of opinion that the relief sought by the petition should be granted.
Order accordingly.